IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| IN RE:<br><br>TRACEY GODFREY | Cause No. CV 25-64-M-DLC<br><br>ORDER DISMISSING PETITION AND DENYING CERTIFICATE OF APPEALABILITY |

Godfrey, a state prisoner proceeding pro se, has again filed a document seeking to challenge the 60-year state court sentence he is presently serving.[1]

---

[1] *See e.g., Godfrey v. Kirkegard*, No. CV 14-27-M-DLC (D. Mont. May 5, 2014)(denying petition for lack of merit); *Godfrey v. Kirkegard*, No. CV 14-164-M-DLC (D. Mont. June 12, 2014)(petition dismissed for lack of jurisdiction); *Godfrey v. Kirkegard*, No. CV 14-190-M-DLC (D. Mont. June 20, 2014)(petition dismissed for lack of jurisdiction); *Godfrey v. Montana*, No. CV 16-04-M-DLC (D. Mont. Jan. 19, 2016) (petition dismissed); *Godfrey v. Guyer*, No. CV 19-54-M-DLC (D. Mont. April 11, 2019) (petition dismissed for lack of jurisdiction as an unauthorized second/successive petition); *Godfrey v. State*, No. CV-19-69-M (D. Mont. April 22, 2019) (dismissed for lack of jurisdiction); *Godfrey v. Guyer*, No. CV-19-86-M-DLC (D. Mont. May 13, 2019) (dismissed for lack of jurisdiction); *Godfrey v. Guyer*, No. CV-19-202-M-DLC (D. Mont. Jan. 2, 2020) (dismissed for lack of jurisdiction); *Godfrey v. Guyer*, No. CV-20-20-M-DLC (D. Mont. March 5, 2020)(dismissed for lack of jurisdiction); *Godfrey v. Salmonsen*, CV-20-114-M-DWM (D. Mont. Aug. 6, 2020)(dismissed for lack of jurisdiction; *Godfrey v. Salmonsen,* CV-20-122-M-DWM (D. Mont. Aug. 20. 2020)(Rule 60 motion denied); *Godfrey v. Montana Supreme Court*, CV-22-120-M-DLC, Or. (D. Mont. July 13, 2022)(petition for writ of supervisory control dismissed); *In re Tracey Godfrey*, CV-23-156-M-DWM (D. Mont. Dec. 21, 2023)(dismissed for lack of jurisdiction); *In re Tracey Godfrey*, CV-24-40-M-DLC (D. Mont. April 8, 2024)(dismissed for lack of jurisdiction); *In re Godfrey*, CV-25-28-M-DWM (D. Mont. Feb. 24, 2025)(dismissed for lack of jurisdiction).

In his present filing, Godfrey styles his claim as a "5th Amendment Motion." (Doc. 1.) He suggests his underlying state prosecution was illegal because he was "prosecuted for a felony without a grand jury indictment." (*Id*.) He asks this Court to vacate his conviction.

Presumably, Godfrey seeks to avoid the prohibition upon unauthorized second or successive habeas petitions by not referencing 28 U.S.C. § 2254. Much like his previous filings, Godfrey's attempt to circumvent the prohibition on successive habeas filings by renaming the document does not confer jurisdiction upon this Court. When an individual is in custody pursuant to a state court judgment, 28 U.S.C. § 2254, provides the only habeas remedy for any challenge to his detention, regardless of the nature of such challenge. *White v. Lambert,* 370 F. 3d 1002, 1009-10 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall,* 603 F. 3d 546 (9th Cir. 2010)(en banc). Godfrey has been informed repeatedly that Court lacks jurisdiction to hear a second or successive Section 2254 petition unless he obtains authorization from the Court of Appeals to file a second habeas petition. He has not done so. Accordingly, this matter is dismissed.

But Godfrey is also advised that the overarching claim is wholly lacking in merit. The Fifth Amendment Grand Jury Clause, which guarantees indictment by grand jury in federal prosecutions, was not incorporated by the Fourteenth Amendment to apply to the states. *See Branzburg v. Hayes,* 408 U.S. 665, 687-88

n. 25 (1972) (noting that "indictment by grand jury is not part of the due process of law guaranteed to state criminal defendants by the Fourteenth Amendment"); *Hurtado v. California*, 110 U.S. 516, 535 (holding that the Fourteenth Amendment did not incorporate the Fifth Amendment right to a grand jury); *see also Rose v. Mitchell*, 443 U.S. 545, 557 n. 7 (1979); *Gerstein v. Pugh*, 420 U.S. 103, 118-119 (1975); *Alexander v. Louisiana*, 405 U.S. 625, 633 (1972); *Beck v. Washington*, 369 U.S. 541, 545 (1962); *Gaines v. Washington*, 227 U.S. 81, 86 (1928). Thus, to the extent that Godfrey believes he was constitutionally entitled to indictment by a grand jury, and that his right to due process was violated when he was prosecuted via information in his prior state matter, he is mistaken. This Court has consistently rejected such a claim as frivolous and wholly lacking in substantive merit.[2]

---

[2] *See e.g., Ayers v. Kirkegard*, CV-14-110-BLG-DLC, 2015 WL 268870, at 2 (D. Mont. Jan. 21, 2015)(granting a motion to file an information "does not make a judge part of the accusatory process any more than issuing a search warrant makes a judge part of the investigative process"); *Smith v. Frink*, CV-14-83-M-DLC, Or. at 3 (D. Mont. May 19, 2014)(prosecution via information is entirely consistent with federal guarantees of due process); *Stewart v. Green*, CV-15-36-BU-DLC, Or. at 3 (D. Mont. Sept. 19, 2016) (pretrial procedure proper under Montana's Constitution and charging statutes; no violation of the Fifth Amendment); *Dunsmore v. State*, CV-15-95-M-DLC, Or. at 2-3 (D. Mont. Dec. 20, 2016)(claim of ineffective assistance of appellate counsel frivolous because charging cases in Montana by information rather than by grand jury has been found to be constitutional; claimed Fifth Amendment violation regarding indictment by grand jury frivolous because the Fifth Amendment not incorporated to the states); *MacGregor v. McTighe*, CV-18-58-H-DLC, Or. at 4-5 (D. Mont. Jan. 15, 2019)(appellate counsel was not ineffective for failing to raise frivolous Fifth Amendment claim); *Haithcox v. Salmonsen*, CV-21-46-H-BMM, Or. at 3-4 (D. Mont. March 10, 2022)(rejecting grand jury argument and finding state's information charging procedure to be lawful and authorized under state law); *Christopher v. Salmonsen*, CV 23-86-M-DLC, Or. at 3-6 (D. Mont. Nov. 2, 2023)(rejecting Fifth Amendment grand jury claim as frivolous).

A certificate of appealability is denied, because there is no doubt this Court lacks jurisdiction. Transfer to the Court of Appeals is not in the interest of justice, *see* 28 U.S.C. § 1631, because Godfrey is aware of the requirements that apply to second or successive habeas applications.

Accordingly, IT IS HEREBY ORDERED as follows:

1. The Petition (Doc. 1) is DISMISSED for lack of jurisdiction. The Clerk of Court shall enter, by separate document, a judgment of dismissal.

2. A certificate of appealability is DENIED.

3. This action is CLOSED. No further motions may be filed.

DATED this 5th day of May, 2025.

*/s/ Dana L. Christensen*
Dana L. Christensen
United States District Court Judge